```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

PROF. RON VEATCH, of Law, et    )
al.,                            )
                                )
          Petitioners,          )
                                )
     v.                         )      C.A. No. 05-40145-DPW
                                )
GEORGE BUSH, et al.,            )
                                )
          Respondents.          )
```

ORDER ON PETITIONERS' REQUEST
FOR A WRIT OF HABEAS CORPUS

For the reasons stated below, the Court denies the petitioners' request for a writ of habeas corpus.

BACKGROUND

Following a conviction in the Western District of Oklahoma of fraud and money laundering, on January 6, 1995, petitioner Ron Veatch was sentenced to 168 months in prison and five years of supervised release.  See United States v. Veatch, Crim. No. 5:93-00128 (W.D. Okla.)  (Cauthron, J.).  His conviction and sentence were affirmed by the United States Court of Appeals for the Tenth Circuit, see United States v. Sealander, 91 F.3d 160, 1996 WL 408368 (10th Cir. July 19, 1996).  A later motion under 28 U.S.C. § 2255 was denied by the District Court.  See Veatch v. United States, 98-cv-01247-C (W.D. Okla.) The Tenth Circuit denied a certificate of appealability.  Veatch v. United States, 3 Fed. Appx. 764 (10th Cir. Jan. 19, 2001).

Petitioner Rocky Navarro was convicted by a federal jury in Nebraska on July 19, 1994 of drug-related crimes and sentenced to

228 months of imprisonment.  See United States Navarro, Crim. No. 8:93-cr-00138-JFB (D. Neb.).  Navarro unsuccessfully appealed his convictions to the Court of Appeals for the Eighth Circuit.  See United States v. Navarro, No. 94-4113 (8th Cir. June 23, 1995).  Thereafter, he filed a motion under § 2255, which was denied on December 28, 1998.  See United States v. Navarro, 8:93-cr-00138 (D. Neb.)(Memorandum and Order (#95)); Navarro v. United States, 8:97-cv-00206-WGC (D. Neb.)(opened as a civil case for statistical purposes; terminated December 29, 1998 based on the Memorandum and Order (#95) in underlying criminal case).  Navarro sought to appeal to the Eighth Circuit, which denied his application for a certificate of appealability thereby terminating the appeal.  See 8:97-cr-00206-WGC (#104).  On July 13, 2001, Navarro filed another motion pursuant to 28 U.S.C. § 2255 (#109 in the criminal case, and opened as a civil case, Navarro v. United States,8:01-cv-00366-RGK).  On November 5, 2001, the Eight Circuit denied Navarro's petition for authorization to file a successive habeas petition in the District Court.  See Order (#112).

　　　On September 9, 2005, Veatch and Navarro, both incarcerated at FMC Devens in Ayer, Massachusetts, filed a fifty-three page pleading captioned as a "Petition for the Great Writ of Habeas Corpus Pursuant to United States Constitution Article I §9, cl. 2 and Not Post Conviction Statutory Remedy 28 USC §2241 in re:

Treason in the Violent Overthrow of the United States' Constitution Justifying Reversal of Federal Police State Convictions Not Authorized in Articles I §8, cl. 3; II §1, cl. 8; VI cl.3; and Amendment 14; with Incorporated Brief."[1]  In their petition, Veatch and Navarro allege that they were "convicted and imprisoned as the U.S. District Courts and the de facto Federal Regime did not then, now or ever have and/or had, jurisdiction to arrest, indict, convict and imprison this petitioner."  Pet. at 13.  They ask this Court "to order petitioner's [sic] . . . release from unconstitutional and treasonable imprisonment caused by a violent de facto Federal Police State, that is clearly prohibited in the Federal Constitution."  Id. at 2.

---

[1] On August 24, 2005, Veatch filed a pleading caption as a "Petition for Writ of Habeas Corpus U.S. Constitution Article I §9 Cl.2 For Injunctive Relief from Imposition of Non-Authorized Custody and Brief."  In this petition, Veatch maintained that the supervised released component of his sentence is unconstitutional because the criminal statutes under which he was convicted do not authorize the imposition of supervised release.  Before the Court issued an order concerning Veatch's petition, Veatch and Navarro filed the instant petition, which they characterize as a "Superceding Complaint."  Accordingly, I consider Veatch's August 24, 2005 petition to be moot because it is superceded by the subsequent complaint.

The caption of the September 9, 2005 petition also names "R. Sealander" and "Affirmative Treason Joinders A-Z" as petitioners.  Because Veatch and Navarro are the only named petitioners who signed the petition, and because pro se litigants cannot represent other parties, see Feliciano v. DuBois, 846 F. Supp. 1033, 1039 (D. Mass. 1994); Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir. 1991); District of Massachusetts Local Rule 83.5.3(c), Veatch and Navarro are the only proper petitioners in this action.

DISCUSSION

The petitioners purport to bring their petition under the Suspension Clause of the Constitution, which provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, § 9, cl. 2. The petitioners specifically disclaim that their petition is brought under 28 U.S.C. § 2241.

Petitioners' reliance on the Suspension Clause is misplaced: it does not provide an alternative vehicle by which the petitioners may challenge their current confinement. While the Suspension Clause requires that the writ of habeas corpus be made available, the habeas corpus jurisdiction statutes implement this constitutional command. See Felker v. Turpin, 518 U.S. 651, 664 (1996) ("[W]e have long recognized that the power to award the writ by any of the courts of the United States, must be given by written law, and we have likewise recognized that judgments about the proper scope of the writ are normally for Congress to make." (internal quotation marks and citations omitted)); accord Jones v. Cunningham 371 U.S. 236, 238 (1963). Of course, habeas corpus statutes cannot limit the federal courts' jurisdiction over habeas petitions to the point that the availability of the writ is effectively "suspended." See, e.g., Sanders v. United States, 373 U.S. 1, 11-12 (1963); cf. Felker, 518 U.S. at 664 (holding

that restrictions on successive § 2254 petitions in Antiterrorism and Effective Death Penalty Act of 1996 do not violate the suspension clause).  But that circumstance is not made out here.

A specific statute, 28 U.S.C. § 2255, permits a federal prisoner who claims that his "sentence was imposed in violation of the Constitution or laws of the United States" to "move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255.  Such litigant must obtain permission from the court of appeals before filing a second or successive § 2255 motion in the district court.  Id.[2]  Further, a federal prisoner cannot challenge the legality of his sentence through an alternative application for a writ of habeas corpus unless it appears that a § 2255 motion is "inadequate or ineffective to test the legality of his detention."  Id.[3]; see

---

[2] See 28 U.S.C. § 2255, para. 8 ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain-- 1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.").

[3] See 28 U.S.C. § 2255, para. 5 ("An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.").

also <u>Sustache-Rivera v. United States</u>, 221 F.3d 8, 12 (1st Cir. 2000) ("If a petitioner's § 2255 remedy is inadequate or ineffective, then he may apply for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, the general habeas corpus statute."); <u>United States v. Barrett</u>, 178 F.3d 34, 38 (1st Cir. 1999) (explaining that a federal prisoner "cannot evade the restrictions of § 2255 by resort to the habeas statute, 28 U.S.C. § 2241, or the All Writs Act, 28 U.S.C. § 1651), <u>cert. denied</u>, 528 U.S. 1176 (2000). The fact that a litigant procedurally defaults on a § 2255 motion does not mean that a § 2255 motion is an inadequate or ineffective vehicle to challenge the legality of the litigant's detention. See <u>Barrett</u>, 178 F.3d at 53. Moreover, on their face, neither the time and scope requirements of § 2255 motions nor the limits on a federal prisoner's ability to challenge the legality of his detention through a habeas petition violate the Suspension Clause. <u>See, e.g.</u>, <u>Delaney v. Matesanz</u>, 264 F.3d 7, 12 (1st Cir. 2001); <u>Barrett</u>, 178 F.3d at 53 (citing <u>Felker</u>, 518 U.S. at 664, and holding that the "second or successive" restrictions of § 2255 do not violate the Suspension Clause).

　　Here, the petitioners do not present, nor can I hypothesize, any reason why a motion under § 2255 constitutes an inadequate or ineffective vehicle to challenge their convictions or sentences. Accordingly, I construe the pleading before me as a motion under

28 U.S.C. § 2255. But such motions must be filed in the respective sentencing courts, 28 U.S.C. § 2255, para. 1 (prisoner "may move <u>the court which imposed the sentence</u> to vacate, set aside or correct the sentence" (emphasis added)). I note as well in this connection that such motions may be filed by those like petitioners, whose earlier § 2255 motions were denied, only after receiving permission from the appropriate court of appeals to file a second or successive § 2255 motion, <u>see</u> 28 U.S.C. § 2255, para. 8. Because the petitioners were not sentenced in the District Court for the District of Massachusetts, the District Court for the District of Massachusetts does not have jurisdiction to entertain § 2255 motions to vacate the petitioners' respective sentences.

<u>CONCLUSION</u>

Accordingly, the Court denies the petitioners' request for a writ of habeas corpus and orders that action be dismissed.

<u>October 3, 2005</u>                    <u>/s/ Douglas P. Woodlock</u>
DATE                                HON. DOUGLAS P. WOODLOCK
                                    UNITED STATES DISTRICT JUDGE